IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-503-D

KASPAROV, PTE LTD.,                    )
                                       )
                Plaintiff,             )
                                       )
        v.                             )            **ORDER**
                                       )
JOSEPH ZACHERL,                        )
                                       )
                Defendant.             )

On December 9, 2022, Kasparov, Pte Ltd., ("Kasparov" or "plaintiff") filed a complaint against Joseph Zacherl ("Zacherl" or "defendant") [D.E. 1]. On February 10, 2023, Kasparov filed an amended complaint [D.E. 12]. On March 3, 2023, Zacherl moved to dismiss the amended complaint for failure to state a claim [D.E. 17]. See Fed. R. Civ. P. 12(b)(6). On July 25, 2023, the court granted in part and denied in part Zacherl's motion to dismiss the amended complaint [D.E. 24]. On August 8, 2023, Zacherl answered and filed counterclaims against Kasparov [D.E. 25]. On September 12, 2023, Kasparov moved to dismiss the counterclaims for failure to state a claim [D.E. 27]. See Fed. R. Civ. P. 12(b)(6). On April 5, 2024, the court granted in part and denied in part Kasparov's motion to dismiss the counterclaims [D.E. 44]. Kasparov had until April 19, 2024, to answer the remaining counterclaim. Kasparov failed to timely answer.

On May 10, 2024, Zacherl moved for entry of default against Kasparov on Zacherl's remaining counterclaim [D.E. 45]. See Fed. R. Civ. P. 55. On May 13, 2024, Kasparov moved for leave to file an answer to the counterclaim [D.E. 46] and filed a memorandum in support of its motion and a response in opposition to Zacherl's motion for entry of default [D.E. 47]. As

explained below, the court denies Zacherl's motion for entry of default and grants Kasparov's motion for leave to file an answer.

The United States Court of Appeals for the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." Colleton Preparatory Acad., Inc. v. Hoover Universal, 616 F.3d 413, 417 (4th Cir. 2010); see Mavilla v. Absolute Collection Serv., Inc., 539 F. App'x 202, 205–06 (4th Cir. 2013) (per curiam) (unpublished); Tazco, Inc. v. Dir., Off. of Workers Comp. Program, 895 F.2d 949, 950 (4th Cir. 1990). "This imperative arises in myriad procedural contexts . . . ." Colleton, 616 F.3d at 417. Thus, when a defendant opposes a plaintiff's application for default, the court may consider the factors applicable to motions to set aside default. See F.D.I.C. v. Danzig, 10 F.3d 806, 1993 WL 478842, at *2 (4th Cir. 1993) (per curiam) (unpublished table decision); Fed. R. Civ. P. 55(c).

The court considers "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." Payne ex rel. Est. of Calzada v. Brake, 439 F.3d 198, 204–05 (4th Cir. 2006); see Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 953 (4th Cir. 1987). Courts refrain from entering default if the mistake was inadvertent, quickly reconciled, and the opposing party suffered no prejudice. See, e.g., Tompkins v. DOC, No. 5:10-CT-3224, 2012 WL 965956, at *10 (E.D.N.C. Mar. 21, 2012) (unpublished).

Kasparov has shown good cause to avoid default and for leave to file an answer to the remaining counterclaim. Kasparov's counsel explains that the inadvertent error resulted from an internal process failure when an attorney responsible for docket management left the firm. See

2

[D.E. 47] 5–6. Kasparov is not personally responsible for the mistake and the missed deadline does not signal complete failure to "otherwise defend" against the claim. Fed. R. Civ. P. 55(a). The record does contain some history of dilatory action by Kasparov when it delayed in retaining new counsel. See [D.E. 33, 36]. Kasparov, however, has since remedied that dilatory action and it appears unrelated to this inadvertent error. See [D.E. 38–41]. Kasparov's counsel quickly moved to reconcile the mistake upon learning of Zacherl's motion for entry of default. See [D.E. 46, 47-2]. Zacherl is not prejudiced by this delay. The answer that Kasparov seeks to file presents defenses that logically follow from the arguments Kasparov made in support of its motion to dismiss the counterclaims. Moreover, counsel for Zacherl could have mitigated any prejudice with a short communication to Kasparov's counsel after the deadline passed. Cf. N.C. State Bar Ethics Opinion RPC 212 (opining that although not ethically required, in some situations "professional courtesy urges notification to the other lawyer of the failure to file a pleading").

The court admonishes plaintiff's counsel to correct the internal process failure. This resolution suffices, and the court finds good cause to avoid default and continue adjudication of this claim on the merits. See, e.g., Capitol Comm'n, Inc. v. Capitol Ministries, No. 5:11-CV-214, 2013 WL 5424773, at *1 (E.D.N.C. Sept. 26, 2023) (unpublished).

In sum, the court DENIES defendant's motion for entry of default on the counterclaim [D.E. 45] and GRANTS plaintiff's motion for leave to file an answer to the counterclaim [D.E. 46]. The clerk shall file plaintiff's answer to the counterclaim [D.E. 46-1].

SO ORDERED. This 17 day of June, 2024.

JAMES C. DEVER III
United States District Judge

3